IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PECK, et al.,<br><br>    Plaintiffs,<br>v.<br><br>DEPT OF HOUSING AND URBAN DEVELOPMENT, et al.,<br><br>    Defendants. | REPORT AND RECOMMENDATION<br><br><br>Case No. 2:20-cv-00321-RJS-CMR<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Cecilia M. Romero |

   This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 5). Before the court is a Motion to Dismiss (ECF 7) filed by Defendants State of Utah, Utah State Tax Commission, Utah Division of Motor Vehicles, Utah Highway Patrol, and Trooper Ronald Skeem (collectively, Utah Defendants) and a Motion for Leave to File Second Amended Complaint (ECF 19) (Motion to Amend) filed by Plaintiffs Gregory Louis Peck and Jay Potter (Plaintiffs). Also before the court are separate Motions to Dismiss (ECF 20; ECF 21; ECF 29; ECF 33; ECF 35) filed by Defendants Stanislaus County, Sharon L. Hightower, Napa County, Nathaniel R. Lucey, and San Diego County (collectively, California Defendants). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide this matter on the basis of written memoranda. *See* DUCivR 7-1(f). For the reasons set forth below, the undersigned RECOMMENDS that the court GRANT Utah Defendants' Motion to Dismiss (ECF 7); GRANT California Defendants' Motions to Dismiss (ECF 20; ECF 21; ECF 29; ECF 33; ECF 35) and DENY Plaintiffs' Motion to Amend (ECF 19).

## I.  BACKGROUND

Plaintiffs initiated this action by filing a Complaint (ECF 1) against numerous government entities and officials pursuant to a litany of federal statutes, regulations, and constitutional provisions. Prior to serving the Complaint, Plaintiffs filed an Amended Complaint (ECF 2) with the addition of Utah Defendants and then attempted service on 103 defendants. Utah Defendants filed a Motion to Dismiss (ECF 7) the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim. In response, Plaintiffs timely filed an opposition (ECF 10) and a Motion to Amend (ECF 19) pursuant to Rule 15(a) seeking to add more defendants. Utah Defendants filed an opposition (ECF 30) to this request arguing that amendment would be futile. California Defendants also filed Motions to Dismiss (ECF 20; ECF 21; ECF 29; ECF 33; ECF 35) under various theories including improper service of process, lack of standing, personal jurisdiction, and subject matter jurisdiction, and failure to state a claim. Plaintiffs failed to file oppositions to any of California Defendants' Motions to Dismiss and the time to do so has now passed.

## II.  LEGAL STANDARDS

Utah Defendants and California Defendants (collectively, Defendants) seek dismissal of the Amended Complaint pursuant to Rule 12(b)(1) for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). A challenge to subject matter jurisdiction may be either facial or factual. *See Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1072 (10th Cir. 2004). Where, as here, Defendants bring a facial challenge to subject matter jurisdiction, the court accepts the allegations of the Amended Complaint as true. *See Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). Plaintiffs bear the burden of establishing that the court has subject matter jurisdiction. *See Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014).

Utah and California Defendants also seek dismissal of the Amended Complaint pursuant to Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Because Plaintiffs are proceeding *pro se*, the court construes their pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, it is not the court's function to assume the role of advocate on behalf of pro se litigants. *See id.* The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico,* 113 F.3d 1170, 1173–74 (10th Cir. 1997). The court reviews the Amended Complaint in light of these standards.

### III.   DISCUSSION

#### A.   Plaintiffs have failed to establish subject matter jurisdiction.

Federal courts "are courts of limited subject-matter jurisdiction." *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015). "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006). Section 1331 provides for federal question jurisdiction for cases arising under federal law, and Section 1332 provides for

diversity jurisdiction for cases involving diversity of citizenship between the parties and an amount in controversy exceeding $75,000.  *See* 28 U.S.C. §§ 1331, 1332.  The court will address each type of subject matter jurisdiction in turn.

        1.      <u>Plaintiffs have failed to establish diversity jurisdiction</u>.

To establish diversity jurisdiction under § 1332, "a party must show that complete diversity of citizenship exists between the adverse parties." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) (citation and internal quotation marks omitted).  "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Id.*  Here, the Amended Complaint fails to specifically allege the residency or citizenship of any of the parties and therefore fails to adequately allege diversity jurisdiction.  Moreover, the Amended Complaint suggests that Plaintiff Peck has the same citizenship as the California Defendants.  In the Amended Complaint, Plaintiff Peck claims to be the "resident and titled owner" of a property located in Hacienda Heights, California (ECF 2, at 83).  Absent any other allegations in the Amended Complaint concerning Plaintiff Peck's residency or domicile, the court can infer from this allegation that Plaintiff Peck is a citizen of California.  While the Amended Complaint does not address the citizenship of the California Defendants who are individuals, it is beyond dispute that the California Defendants that are counties in California are citizens of California.  Thus, based on the allegations in the Amended Complaint, Plaintiffs have failed to establish complete diversity between the adverse parties in this case, and this court therefore lacks diversity jurisdiction.

        2.      <u>Plaintiffs have failed to establish federal question jurisdiction</u>.

For federal question jurisdiction under § 1331, "the plaintiff's well-pleaded complaint must establish one of two things: either that federal law creates the cause of action or that the

plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1023 (10th Cir. 2012) (citations and internal quotation marks omitted).  "[J]urisdiction under § 1331 exists only where there is a 'colorable' claim arising under federal law." *McKenzie v. U.S. Citizenship & Immigration Servs., Dist. Dir.*, 761 F.3d 1149, 1156 (10th Cir. 2014).  "A claim can be meritless while still being colorable, but a court may dismiss for lack of subject-matter jurisdiction 'when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Id.* at 1156–57 (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (additional citations omitted)).  In applying this standard, the court must determine whether "the cause of action alleged is *so patently without merit* as to justify . . . the court's dismissal for want of jurisdiction." *Duke Pwr. Co. v. Carolina Envt'l Study Grp.*, 438 U.S. 59, 70, 98 S.Ct. 2620, 57 L.Ed.2d 595 (1978) (citation and internal quotation marks omitted).

To overcome this jurisdictional hurdle, "[t]he complaint must identify the statutory or constitutional provision under which the claim arises, *and* allege sufficient facts to show that the case is one arising under federal law." *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986) (emphasis added).  The Tenth Circuit has consistently "dismissed for lack of jurisdiction when a complaint referenced 42 U.S.C. § 1983 but wholly failed to include allegations supporting a constitutional claim." *See, e.g.*, *Davison v. Grant Thornton, LLP*, 582 F. App'x 773, 775 (10th Cir. 2014) (citing *Sanders v. Indep. Sch. Dist No. 1-2*, 459 F.2d 51, 52 (10th Cir. 1972)); *see also Blume v. Los Angeles Superior Courts*, 731 F. App'x 829, 830 (10th Cir. 2018) (finding that although the "largely incoherent complaint listed numerous causes of action arising under federal law and the Constitution," the plaintiff's "undeveloped assertions . . .

[were] insufficient to establish a colorable claim arising under federal law"); *Madden v. Bob Usry Plumbing*, 671 F. App'x 708, 709 (10th Cir. 2016) (finding that while "[o]rdinarily, claims asserted under § 1983 . . . would qualify for federal question jurisdiction under 28 U.S.C. § 1331," the plaintiff's "complaint does not provide any basis to conclude [the defendant] acted under color of state or federal law, nor does it suggest [the plaintiff's] federal rights were violated").

Here, Plaintiffs' Amended Complaint and accompanying exhibits consist of a 199-page treatise in support of the "sovereign citizen" movement, which is known for its claims that government entities are "foreign corporations" that lack jurisdiction over their citizens. The aim of the Amended Complaint appears to be to seek declaratory relief eliminating various state regulatory schemes including drivers' license requirements, attorney licensing requirements, child protective services, property taxes, and home foreclosures (ECF 2, at 132–35). In support, the Amended Complaint references numerous federal laws, the vast majority of which do not give rise to a colorable claim. The only cited law that could give rise to a colorable claim in this case is 28 U.S.C. § 1983, which provides redress for constitutional violations. However, review of the Amended Complaint reveals a dearth of factual allegations to support any such claim. While the Amended Complaint does reference a traffic stop in Utah (ECF 2, at 31; 161–62) and a foreclosure in California (ECF 2, at 100–01) involving Plaintiff Peck, there are no facts alleged showing any basis to conclude that his federal rights were violated. Rather, his main grievance appears to be that the "foreign corporations" (government entities) involved with these events had "no standing of law" or "any authority" over him as a sovereign citizen (ECF 2, at 30, 101). These claims are so completely devoid of merit that they do not give rise to a federal controversy. Plaintiffs have therefore failed to establish federal question jurisdiction.

In sum, because Plaintiffs failed to establish either diversity jurisdiction or federal question jurisdiction, the undersigned RECOMMENDS that the Amended Complaint be dismissed for lack of subject matter jurisdiction.

### B. Plaintiffs have failed to state a claim upon which relief can be granted.

While Plaintiffs have failed to meet their burden to establish subject matter jurisdiction, even if there was jurisdiction, Plaintiffs have also failed to state a claim upon which relief can be granted. As explained above, although Plaintiffs purport to assert a myriad of federal claims, none of these claims are plausible or even colorable because they are based on meritless sovereign citizen arguments. These types of "sovereign citizen" arguments "ha[ve] been rejected repeatedly by courts." *See Utah Dept. of Workforce Services v. Geddes*, No. 2:13-cv-24-TS, 2013 WL 1367025, at *2 (D. Utah Apr. 4, 2013) (citation and internal quotation marks omitted); *see also Charlotte v. Hansen*, 433 F. App'x 660, 661 (10th Cir. 2011) (noting that "an individual's belief that her status as a 'sovereign citizen' puts her beyond the jurisdiction of the courts 'has no conceivable validity in American law'" (quoting *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990))).

Not only does the Amended Complaint thus fail to comply with Rule 12(b)(6), it also violates Rule 8(a), which "requires a complaint to contain a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *DeYoung v. Carpenter*, No. 2:97-cv-408J, 1997 WL 1037943, *1 (D. Utah July 31, 1997) (citing Fed. R. Civ. P. 8(a)). As is customary with sovereign citizen arguments, Plaintiffs have devoted their entire 199-page Amended Complaint to "'proffer[ing] numerous quotations from judicial opinions . . . as well as law dictionaries' weaving a 'rambling and circuitous dissertation, rich in sweeping abstractions phrased in oft-capitalized and abstruse

legalistic prose.'" *See Geddes*, 2013 WL 1367025, at *2 (quoting *Richmond v. Wampanoag Tribal Court Cases*, 431 F. Supp. 2d 1159, 1161 (D. Utah 2006)). Even when liberally construing the Amended Complaint, its excessive length and scope renders it nearly impossible to discern which claims Plaintiffs are asserting against which defendants or the grounds supporting any of the claims. The court declines to sift through the innumerable, often incomprehensible, allegations in the Amended Complaint to construct a legal theory on Plaintiffs' behalf. For these reasons, the undersigned alternatively RECOMMENDS that the Amended Complaint be dismissed for failure to state a claim.[1]

### C. Amendment of Plaintiff's claims would be futile.

Plaintiffs seek leave to file a Second Amended Complaint for the sole purpose of asserting sovereign citizen arguments against additional parties (ECF 39, at 1), including President-Elect Joseph R. Biden, Vice President-Elect Kamala Harris, Utah Attorney General Sean Reyes, and Assistant Attorney General Heather Chesnut (ECF 39-1, at 15). The Tenth Circuit has explained that a court "should dismiss with leave to amend … if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief." *Brever v. Rockewell Int'l Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994) (citation and internal quotation marks omitted). However, a court "may dismiss a pro se complaint sua sponte without permitting the plaintiff to amend the complaint … if it is clear that the amendment would be futile." *Staats v. Cobb*, 455 F. App'x 816, 818 (10th Cir. 2011) (citation and internal quotation marks omitted). Utah Defendants oppose amendment on the ground that it would be futile because Defendants Reyes and Chesnut would be immune from

---

[1] Given that the court has determined that the Amended Complaint is subject to dismissal in its entirety, the court does not reach alternative arguments by Utah Defendants and California Defendants pertaining specifically to those defendants.

8

suit and there is no plausible claim against them (ECF 30, at 7–8). The court agrees. Because the proposed Second Amended Complaint suffers from the same defects as the Amended Complaint in that it fails to establish subject matter jurisdiction or state any plausible claim through its sovereign citizen arguments, amendment would clearly be futile. The undersigned therefore RECOMMENDS that the court deny Plaintiffs leave to amend.

## RECOMMENDATION

In summary, IT IS HEREBY RECOMMENDED that:

1. Utah Defendants' Motion to Dismiss (ECF 7) be GRANTED;

2. California Defendants' Motions to Dismiss (ECF 20; ECF 21; ECF 29; ECF 33; ECF 35) be GRANTED;

3. Plaintiffs' Motion to Amend (ECF 19) be DENIED; and

4. This action be DISMISSED without prejudice.

## NOTICE

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 16 December 2020.

*(signature)*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah