IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GREGORY LOUIS PECK, et al.<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, et al.,<br><br>Defendants. | **ORDER OVERRULING OBJECTION AND ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:20-cv-00321-RJS-CMR<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Cecilia M. Romero |

Magistrate Judge Cecilia M. Romero entered a Report and Recommendation in this matter recommending dismissal of the claims brought by pro se Plaintiffs Gregory Louis Peck, Jay Potter, Gary Sroka, Edward Palma, Raul Salano, and Four J's Marketing. Plaintiffs timely objected to the Report and Recommendation. For the reasons explained below, the court overrules Plaintiffs' Objection,[1] adopts the Report and Recommendation in full, and dismisses without prejudice Plaintiffs' First Amended Complaint.

## BACKGROUND

### I. Plaintiffs' First Amended Complaint

Plaintiffs initiated this action on May 19, 2020,[2] and filed their First Amended Complaint less than a month later.[3] On June 26, 2020, the undersigned entered an order referring the case to Judge Romero "to handle [the] case up to and including . . . all dispositive matters."[4]

---

[1] The Objection is titled "Petitioner/Plaintiff's Request/Response/Answer/Motion/Demand/to Strike the Report and Recommendation as Entered in this Action as Misleading and Without Lawful Standing." *See* Dkt. 41 (Objection).

[2] *See* Dkt. 1 (Complaint).

[3] *See* Dkt. 2 (First Amended Complaint).

[4] Dkt. 5.

1

The First Amended Complaint consists of approximately 199 pages (including exhibits) of disorganized and repetitive allegations that the United States of America is a fraudulently created entity that has no power or authority over Plaintiffs.[5]  Further, Plaintiffs allege the States of California and Utah were also fraudulently created and therefore lack power to enforce their laws.[6]  Plaintiffs declare these "Foreign Corporations" are "null and void" along with their "statutes, regulations, licensing, and/or permits."[7]

In addition to the general grievances discussed above, Plaintiffs take issue with the following events: (1) the California governor's stay-at-home order issued in response to the COVID-19 pandemic,[8] (2) Defendants State of Utah, Iron County, Cedar City, Kwick, and Ron Skeem taking "plaintiff's" car,[9] and (3) the apparent sale or taxation of real property in California.[10]  There are no other discernible allegations concerning the approximately 139 named Defendants.[11]

The remaining allegations about Plaintiffs' circumstances are sparse.  They are as follows: (1) "this is a matter between [the] State of California and California Civilians";[12] (2)

---

[5] *See* Dkt. 2 (First Amended Complaint).

[6] *See id.*

[7] *Id.* at 132.

[8] *Id.* at 18–19.

[9] *Id.* at 31.  The First Amended Complaint does not include allegations that clarify which "plaintiff's" car was taken or why.  *Id.*  Defendants State of Utah, Utah State Tax Commission, Utah Division of Motor Vehicles, Utah Highway Patrol, and Trooper Ronald Skeem, in their Motion to Dismiss, clarified that Peck's car was impounded "following a traffic stop where he was charged with traffic violations including having no driver's license."  Dkt. 7 at 33.

[10] Dkt. 2 (First Amended Complaint) at 73–83.

[11] *See* Dkt. 2 (First Amended Complaint).

[12] *Id.* at 18.

Peck owns property in Hacienda Heights, California;[13] (3) and Sroka owns property in San Clemente, California.[14]

## II. Defendants' Motions to Dismiss and Plaintiffs' Motion to Amend

Defendants State of Utah, Utah State Tax Commission, Utah Division of Motor Vehicles, Utah Highway Patrol, and Trooper Ronald Skeem (the Utah Defendants) filed their Motion to Dismiss in August 2020.[15] They argued that Plaintiffs' First Amended Complaint should be dismissed under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[16] Plaintiffs opposed[17] the Motion to Dismiss and moved to amend their First Amended Complaint pursuant to Federal Rule of Civil Procedure Rule 15.[18] Plaintiffs' proposed Second Amended Complaint consists of 325 pages, adds to and repeats many of the allegations raised in the First Amended Complaint in the same confusing manner, and seeks to add defendants.[19]

Defendants Stanislaus County, Sharon L. Hightower, Napa County, Nathaniel R. Lucey, and San Diego County (the California Defendants) filed their Motions to Dismiss in October 2020.[20] These Motions asserted various theories, including improper service of process, lack of standing, lack of personal jurisdiction, lack of subject matter jurisdiction, and failure to state a claim. Plaintiffs did not file responsive memoranda to the California Defendants' Motions to Dismiss.

---

[13] *Id.* at 83.

[14] *Id.*

[15] *See* Dkt. 7.

[16] *See id.* at 14.

[17] *See* Dkt. 10.

[18] *See* Dkt. 19.

[19] *See* Dkt. 19-1 (Proposed Second Amended Complaint).

[20] *See* Dkt. 20, Dkt. 21, Dkt. 29, Dkt. 33, Dkt. 35.

### III. The Report and Recommendation

On December 17, 2020, Judge Romero entered her Report and Recommendation (Report) recommending the court (1) grant the Utah Defendants' Motion to Dismiss, (2) grant the California Defendants' Motion to Dismiss, and (3) deny Plaintiffs' Motion to Amend.[21] At bottom, she determined the First Amended Complaint "is subject to dismissal in its entirety" for three reasons.[22]

First, Judge Romero concluded that Plaintiffs have failed to establish subject matter jurisdiction.[23] She found Plaintiffs had not established diversity jurisdiction because the First Amended Complaint "fails to specifically allege the residency or citizenship of any of the parties" and "suggests that Plaintiff Peck has the same citizenship as the California Defendants."[24] She also determined Plaintiffs had not established federal question jurisdiction because their sovereign citizen claims are "*patently without merit*," and whatever remaining claims Plaintiffs may have are unsupported by factual allegations.[25]

Second, Judge Romero concluded that Plaintiffs have failed to state a claim upon which relief can be granted because their sovereign citizen claims are meritless.[26] To the extent Plaintiffs may have actionable claims, Judge Romero found the First Amended Complaint violated Federal Rule of Civil Procedure 8's requirement that a complaint "contain a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is

---

[21] Dkt. 39 (Report) at 1.

[22] *Id.* at 8 n.1. Stanislaus County filed a Suggestion of Sua Sponte Dismissal of All California County Defendants (Suggestion) after the Report was entered. *See* Dkt. 40 (Suggestion). Because the court adopts the Report, including its recommendation that the First Amended Complaint be dismissed in its entirety, the Suggestion is moot.

[23] Dkt. 39 (Report) at 3–7.

[24] *Id.* at 4.

[25] *Id.* at 5–6.

[26] *Id.* at 7–8.

4

and the grounds upon which it rests."[27]  Rather than comply with the rule, Judge Romero found "Plaintiffs have devoted their entire 199-page [First] Amended Complaint to proffering numerous quotations from judicial opinions as well as law dictionaries weaving a rambling and circuitous dissertation, rich in sweeping abstractions phrased in oft-capitalized and abstruse legalistic prose."[28]  Accordingly, she "decline[d] to sift through the innumerable, often incomprehensible, allegations in the [First] Amended Complaint to construct a legal theory on Plaintiffs' behalf."[29]

Third, Judge Romero concluded it would be futile for Plaintiffs to amend their First Amended Complaint because "the proposed Second Amended Complaint suffers from the same defects as the [First] Amended Complaint in that it fails to establish subject matter jurisdiction or state any plausible claim through its sovereign citizen arguments."[30]  Specifically, she found Plaintiffs sought leave to amend "for the sole purpose of asserting sovereign citizen arguments against additional parties," "including President-Elect Joseph R. Biden, Vice President-Elect Kamala Harris, Utah Attorney General Sean Reyes, and Assistant Attorney General Heather Chesnut."[31]

### IV.  Plaintiffs' Objection

Plaintiffs filed a timely Objection to the Report.[32]  In the Objection, Peck takes issue with the Report's conclusion that Plaintiffs have failed to plead adequate facts to establish diversity

---

[27] *Id.* at 7 (citation omitted).

[28] *Id.* at 7–8 (quotation marks, brackets, ellipses, and citation omitted).

[29] *Id.* at 8.

[30] *Id.* at 8–9.

[31] *Id.* at 8 (citation omitted).

[32] *See* Dkt. 41 (Objection).

jurisdiction.[33]  He argues he is neither a citizen of California nor Utah but is an "American National" and an "enrolled member of the Cherokee Nation."[34]

San Diego County filed a response to Plaintiffs' Objection.[35]  In short, San Diego County argues Plaintiffs have waived all objections to the Report except for its conclusion concerning diversity jurisdiction because they did not object with specificity to any other part of the Report.[36]  As for Plaintiffs' diversity jurisdiction objection, San Diego County argues it should be overruled because (1) Peck's allegations concerning his citizenship are not in the First Amended Complaint, (2) Peck's alleged citizenship in the Cherokee Nation is irrelevant because "[a] Native American residing in a state is a citizen of that state for purposes of diversity jurisdiction," and (3) Peck never addresses "the citizenship of the other purported Plaintiffs."[37]

## ANALYSIS

The court begins by deciding which legal standard to apply in assessing Plaintiffs' Objection—namely, whether the court should review the Report de novo or for clear error. Concluding that at least one of Plaintiffs' objections is specific enough to warrant de novo review, the court first addresses that objection and then reviews the remainder of the Report for clear error.

---

[33] *See id.* at 3–4.

[34] *Id.* at 3.  *See id.* ("Gregory Louis Peck [is] a member of the Cherokee Nation of the Aniyvwia Tribal Nation.").

[35] *See* Dkt. 42.

[36] *Id.* at 2.

[37] *Id.* at 2–3.

## I. Appropriate Legal Standard

The appropriate standard of review for a magistrate judge's report and recommendation depends on whether a party has objected to it.[38] The Supreme Court indicates the court is not required to review portions of the report and recommendation that are not objected to.[39] The court is not, however, precluded from doing so and generally reviews unobjected-to portions of a report and recommendation for clear error.[40]

When a party does file "specific written objections to the proposed findings and recommendations,"[41] the court "*must* determine de novo any part of the magistrate judge's disposition that has been *properly* objected to."[42] An objection is proper when it is both timely and specific.[43] For an objection to be timely, the party must file it "[w]ithin 14 days after" being served with the report and recommendation.[44] And an objection is "sufficiently specific" when it "focus[es] the district court's attention on the factual and legal issues that are truly in dispute."[45] If an objection is untimely or overly general, the court is not required to review the magistrate judge's disposition de novo.[46]

---

[38] *See* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

[39] *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("The [Federal Magistrate's Act] does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection.").

[40] *See* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

[41] *Id.* 72(b)(2).

[42] *Id.* 72(b)(3) (emphasis added).

[43] *See United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[W]e hold that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.").

[44] Fed. R. Civ. P. 72(b)(2).

[45] *One Parcel of Real Prop.*, 73 F.3d at 1060.

[46] *See id.* ("Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.") (citation omitted).

Here, Plaintiffs' Objection was timely, but only one of Plaintiffs' objections is sufficiently specific to warrant de novo review. Construing Plaintiffs' Objection liberally as is the standard with pro se filings,[47] the court understands Plaintiffs to object to the Report's conclusion that there is a lack of complete diversity among the parties.[48] Plaintiffs do not, however, object to the Report's conclusions that the First Amended Complaint fails to establish federal question jurisdiction and fails to state a claim upon which relief can be granted.[49] Further, Plaintiffs do not object to the Report's conclusion that it would be futile for Plaintiffs to amend their First Amended Complaint.[50] Accordingly, the court reviews the issue of whether Plaintiffs have pleaded diversity jurisdiction de novo and the remainder of the Report for clear error.

## II. Diversity Jurisdiction

Federal courts "must have a statutory basis for their jurisdiction" because they are "courts of limited jurisdiction."[51] Thus, "there is a presumption against . . . jurisdiction, and the party invoking federal jurisdiction bears the burden of proof."[52] Generally, plaintiffs can satisfy this burden by demonstrating the existence of either "federal question jurisdiction" under 28 U.S.C. §

---

[47] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (quotation marks and citations omitted).

[48] *See* Dkt. 41 (Objection) at 2 ("Whereas, the alleged report would have the Court believe that the Petitioner/Plaintiff Peck is making a false claim of having a diversity of citizenship . . . . Whereas, the report alludes to the idea that I, Col. Gregory Louis Peck is/are, a citizen and/or resident of the Foreign Corporation State California/Utah this is a false conclusion."); *Id.* at 3 ("Whereas, I . . . am not a citizen of either . . . California/Utah, being a[n] American National, as well as a[n] enrolled member of the Cherokee Nation, then of course these facts well establish in fact a Diversity of citizenship.").

[49] *See* Dkt. 41 (Objection).

[50] *See id.*

[51] *Dutcher v. Matheson*, 733 F.3d 980, 984 (10th Cir. 2013) (citation omitted).

[52] *See Quigley v. Sporting Kan. City Soccer Club*, 799 F. App'x 644, 645 (10th Cir. 2020) (unpublished) (quoting *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013)).

1331 or "diversity jurisdiction" under 28 U.S.C. § 1332.[53] As explained above, Plaintiffs' Objection is limited to the Report's conclusion that Plaintiffs have failed to establish diversity jurisdiction.

To establish diversity jurisdiction, a plaintiff must plausibly allege that "(1) the amount in controversy exceeds $75,000, and (2) the action 'is between . . . citizens of different States.'"[54] An action is between citizens of different States when there is "complete diversity," meaning "no plaintiff may be a citizen of the same state as any defendant."[55] The citizenship of a party is determined by whether that party is a person or a corporation. "A person is a citizen of a state if the person is domiciled in that state," and "a person acquires domicile in a state when the person resides there and intends to remain there indefinitely."[56] Corporations, however, "are citizens of the states in which they are incorporated as well as of states in which they have their principal places of business."[57]

Plaintiffs have not plausibly alleged that this action is between citizens of different states and therefore have not met their burden to establish diversity jurisdiction. The First Amended Complaint names six Plaintiffs and approximately 139 Defendants in its caption.[58] The relevant allegations, however, refer to only two of the Plaintiffs owning property in California, but without allegations that these Plaintiffs reside on those properties or intend to remain there.[59]

---

[53] *See id.*

[54] *Webb v. Billy Madison Show*, No. 20-5052, 2020 WL 7007948, at *1 (10th Cir. Nov. 27, 2020) (unpublished) (quoting 28 U.S.C. § 1332(a), (a)(1)).

[55] *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) (citation omitted).

[56] *Webb*, 2020 WL 7007948, at *1 (brackets omitted) (quoting *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014)).

[57] *Id.* (citing 28 U.S.C. § 1332(c)(1)).

[58] *See* Dkt. 2 (First Amended Complaint) at 1–4.

[59] *Id.* at 83.

There are also no allegations concerning the other four Plaintiffs' citizenships other than the general allegation that "this is a matter between [the] state of California and California Civilians."⁶⁰  Construed broadly, this allegation implies lack of complete diversity because it appears likely that the Plaintiffs and the California Defendants share citizenship.  Lastly, there are no allegations that would establish the 139 Defendants' citizenships.  Accordingly, Plaintiffs have clearly not met their burden to establish complete diversity between the Plaintiffs and the Defendants.

Plaintiffs' Objection attempts to correct the First Amended Complaint's shortcomings by arguing that Peck is not a citizen of California or Utah but is an "American National."⁶¹  Plaintiffs also assert for the first time that Peck is an "enrolled member of the Cherokee Nation."⁶²  Neither of these allegations satisfy the diversity jurisdiction standard discussed above.

First, the allegation that Peck is an "American National" is meritless because it is based on frivolous sovereign citizen arguments.⁶³  Indeed, that allegation neither establishes diversity jurisdiction nor Peck's citizenship.

Second, San Diego County argues the court should not consider Plaintiffs' allegation that Peck is a member of the Cherokee Nation because they did not allege it in their First Amended Complaint.⁶⁴  Although the court generally "examine[s] the face of the complaint to determine

---

⁶⁰ *Id.* at 18.

⁶¹ Dkt. 41 (Objection) at 3.

⁶² *Id.*

⁶³ *See United States v. Gutierrez*, No. CR 15-3955 JB, 2018 WL 2107785, at *8 (D.N.M. May 5, 2018) ("There is thus little advantage to be gained by addressing frivolous arguments, and there are disadvantages that may accrue from doing so.  For that reason, litigants who present frivolous arguments should not expect to see them answered in opinions of this Court.") (citation omitted).

⁶⁴ Dkt. 42 at 2.

whether a party has adequately presented facts sufficient to establish diversity jurisdiction," it may "review the record to find evidence that diversity exists" when "the pleadings are inadequate."[65] Accordingly, the court will consider this allegation—although Plaintiffs did not include it in their First Amended Complaint—because it is part of the record.

The allegation that Peck is a member of the Cherokee Nation does not establish diversity jurisdiction. To begin, this allegation does not establish the domicile of Peck or the citizenship of the other Plaintiffs. It also does not establish the citizenship of the approximately 139 Defendants. Further, to the extent Plaintiffs believe Peck's membership in the Cherokee Nation makes him a foreign citizen, they are mistaken because "[a] Native American residing within the borders of a state is a citizen of that state" for diversity jurisdiction purposes.[66] Thus, even considering the allegations raised in Plaintiffs' Objection, the court concludes that Plaintiffs have not met their burden to establish diversity jurisdiction. The Objection is overruled.

In the event Plaintiffs decide to replead their claims, the court reiterates that it is their burden to allege facts that establish the citizenship of each Plaintiff and each Defendant. If one Plaintiff has the same citizenship as a Defendant, diversity jurisdiction does not exist.

## III. The Remainder of the Report

Having reviewed the remainder of the Report, the court finds no clear error in any of Judge Romero's conclusions and adopts the Report in its entirety.

---

[65] *Lacey v. Homeowners of Am. Ins. Co.*, 546 F. App'x 755, 757 (10th Cir. 2013) (unpublished) (quoting *Gaines v. Ski Apache*, 8 F.3d 726, 729 (10th Cir. 1993)).

[66] *Richardson v. Malone*, 762 F. Supp. 1463, 1466 (N.D. Okla. April 8, 1991) (citation omitted).

## CONCLUSION

For the foregoing reasons, Plaintiffs' Objection[67] is OVERRULED, the Report[68] is adopted in full, and Plaintiffs' First Amended Complaint[69] is DISMISSED WITHOUT PREJUDICE. This means Plaintiffs may attempt to replead their claims by filing an amended complaint. In so doing, the court reminds Plaintiffs that Federal Rule of Civil Procedure 8 requires only "a short and plain statement" of the grounds for the court's jurisdiction and to show that they have a claim for which they are entitled to relief. The court further reminds Plaintiffs that the Report recommended dismissal of their claims for multiple reasons. The court cautions Plaintiffs to consider those other reasons for dismissal when drafting an amended complaint. If Plaintiffs choose to do so, the newly amended complaint must be filed within fourteen (14) days of the date of this Order. Otherwise, the court will dismiss the case with prejudice.

SO ORDERED this 12th day of January 2021.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[67] Dkt. 41 (Objection).

[68] Dkt. 39 (Report).

[69] Dkt. 2 (First Amended Complaint).